# UNITED STATES DISTRICT COURT
## Southern District of Texas
### McAllen Division

| | |
|---|---|
| Joseph Wheaton § § §<br>　　　　Plaintiff, § §<br> § §<br>v. § §<br> § §<br>Oncore Healthcare Solutions, LLC, § §<br>　　　　Defendant § § § | Civil Action No: 7:21-cv-273<br><br>Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Joseph Wheaton ("**Plaintiff**") brings this Fair Labor Standards Act ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Nature of Suit.**

   1.1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is

employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. **Parties.**

   2.1. Plaintiff is an individual residing in Texas. He resides at 7510 Camelot Ct., Mission, TX 78572. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendant within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as a truck driver. Plaintiff's written consent to become a party plaintiff is being filed with the Court.

   2.2. Defendant Oncore Healthcare Solutions, LLC ("Defendant") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA. Defendant's principal address is 2613 Skyway Drive, Grand Prairie, Texas 75052.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the Southern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

    4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

    4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

    4.5. Defendant provides hazardous waste disposal services. Two or more of Defendant's employees, including Plaintiff, engage in commerce by using

equipment that has traveled in interstate commerce. By way of example and not by limitation, Plaintiff and Defendant's employees used/use:

4.5.1. Electronic equipment and supplies that have been manufactured and shipped across state lines;

4.5.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

4.5.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

4.5.4. the interstate telephone systems, landline and cellular, to communicate with customers and suppliers;

4.5.5. the United States postal system to send mail across state lines; and

4.5.6. the interstate banking systems to accept payments from customers and to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4.7. Plaintiff was employed by Defendant within the applicable statute of limitations.

5. **Factual Allegations.**

5.1. Defendant provides medical waste solutions in Texas.

5.2. Plaintiff worked for Defendant as a pick-up and delivery route driver.

5.3. Plaintiff's job responsibilities consisted of non-exempt work.

5.4. Plaintiff's primary job duties consisted of conduct that did not require discretion in order to be performed or advanced training. Plaintiff's duties were routine and did not require the exercise of independent judgment or discretion.

5.5. Plaintiff was paid a salary without payment of any overtime.

5.6. Plaintiff regularly worked in excess of 40 hours a week. Plaintiff was not paid at an overtime rate for any of the hours he worked in excess of 40 in any workweek.

5.7. Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and similarly situated employees.

5.8. Plaintiff complained to his supervisor about not being paid being paid overtime.

5.9. Plaintiff's complaints about the lack of overtime pay were not well-received by Plaintiff's supervisor/director.

5.10. As a result of his complaints about the lack of overtime pay, Plaintiff was constructively discharged by Defendant in violation of the anti-retaliation provisions of the Fair Labor Standards Act. Plaintiff's supervisor/director to whom he had complained made the decision to constructively discharge the Plaintiff. Plaintiff was told to turn in his keys.

5.11. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent him in this litigation and has agreed to pay a reasonable fee for its services.

6. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   6.1. Each and every allegation contained in the foregoing paragraphs 1-5, inclusive, is re-alleged as if fully rewritten herein.

   6.2. During the relevant period, Defendant has violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

   6.3. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff.

   6.4. Defendant did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

7. **Cause of Action: Retaliation under the Fair Labor Standards Act.**

   7.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

7.2. As set forth above, Defendant's termination of Plaintiff was motivated by, was a result of and was because of his complaints and protest about Defendant's wage and hour violations.

7.3. Plaintiff's actions and complaints about unpaid overtime constitute protected activity within the meaning of 29 U.S.C. §215(a)(3).

7.4. Defendant's retaliatory termination of Plaintiff's employment violates 29 U.S.C. §215(a)(3).

8. **Jury Demand.**

8.1. Plaintiff demands a trial by jury herein.

9. **Relief Sought.**

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that recover from Defendant, the following:

9.1.1. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

9.1.2. All unpaid wages and overtime compensation;

9.1.3. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA;

9.1.4. Actual damages including back pay, reinstatement, prejudgment interest, front pay, and/or all other relief necessary to make him whole;

9.1.5. An award of exemplary/punitive damages in order to punish and deter the retaliatory conduct of Defendant herein.

9.1.6. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

9.1.7. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

9.1.8. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**